UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DANA WHITE, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff*, | § § | No._____ |
| v. | § § | |
| U.S. CORRECTIONS, LLC, US CORRECTIONS, LLC and SOUTH EAST EMPLOYEE LEASING, INC., | § § § § | |
| *Defendants*. | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Dana White (referred to as "Plaintiff" or "White") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendants U.S. Corrections, LLC, US Corrections, LLC and South East Employee Leasing, Inc. (collectively referred to "Defendants"). In support thereof, she would respectfully show the Court as follows:

**I. Nature of Suit**

1. White's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general

well-being of workers" 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. White brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendants reside in the Austin Division of the Western District of Texas and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Austin Division of the Western District of Texas.

III.  Parties

8. Dana White is an individual who resides in Bell County, Texas and who was employed by Defendants during the last three years.

9. U.S. Corrections, LLC is a Delaware company that may be served with process by serving its registered agent: National Registered Agents, Inc., at 160 Greentree Dr., Suite 101, Dover, Delaware 19904. Alternatively, if the registered agent of U.S. Corrections, LLC cannot with reasonable diligence be found at the company's registered office, U.S. Corrections, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. US Corrections, LLC is a North Carolina company that may be served with process by serving its registered agent: Cogency Global Inc., at 212 South Tryon Street Suite 1000, Charlotte, North Carolina 28281. Alternatively, if the registered agent of US Corrections, LLC cannot with reasonable diligence be found at the company's registered office, US Corrections, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. South East Employee Leasing, Inc. is a Florida corporation that may be served with process by serving its registered agent: Cogency Global Inc., at 1601 Elm St., Suite 4360, Dallas, Texas 75201. Alternatively, if the registered agent of South East Employee Leasing, Inc. cannot with reasonable diligence be found at the company's registered office, South East

Employee Leasing, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

12. Whenever it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

13. Defendants contract with local and state governments to perform inmate transportation services between prisons and other facilities; it does business in the territorial jurisdiction of this Court.

14. Defendants employed Plaintiff as an Extradition Officer.

15. Plaintiff's job duties were primarily manual labor in nature, requiring little to no official training, much less managerial skill or power.

16. Plaintiff's job duties included transporting inmates between prisons and other facilities in passenger vans weighing less than 10,001 pounds.

17. Plaintiff was employed by Defendants from approximately June 2018 to January 2019.

18. During White's employment with Defendants, she was engaged in commerce or the production of goods for commerce.

19. During White's employment with Defendants, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During White's employment with Defendants, the company had an annual gross volume of sales made or business done of at least $500,000.

21. Defendants paid White on an hourly basis.

22. During White's employment with Defendants, she regularly worked in excess of forty hour per week.

23. Defendants knew or reasonably should have known that White worked in excess of forty hours per week.

24. Defendants did not pay White overtime "at a rate not less than one and one-half times the regular rate at which [she was] employed." 29 U.S.C. § 207(a)(1).

25. Instead, Defendants paid White at her straight time rate for each hour worked over forty in a workweek.

26. In other words, Defendants paid White for her overtime at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

27. Defendants knew or reasonably should have known that White was not exempt from the overtime provisions of the FLSA.

28. Defendants failed to maintain accurate time and pay records for White as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

29. Defendants knew or showed a reckless disregard for whether its pay practices violated the FLSA.

30. Defendants are liable to White for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

31. All extradition officers employed by Defendants are similarly situated to White because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendants pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

32. White adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

33. During White's employment with Defendants, she was a non-exempt employee.

34. As a non-exempt employee, Defendants were legally obligated to pay White "at a rate not less than one and one-half times the regular rate at which [she was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

35. Defendants did not pay White overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

36. Instead, Defendants paid White at her straight time rate for each hour worked over forty in a workweek.

37. In other words, Defendants paid White for her overtime at a rate less than one and one-half times the regular rate at which she was in employed in violation of the FLSA.

38. If Defendants classified White as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the Defendants' noncompliance with the overtime requirements of the FLSA.

39. Defendants knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendants willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

40. White adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

41. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

42. In addition to the pay violations of the FLSA described above, Defendants also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

43. White adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

44. On information and belief, other employees have been victimized by Defendants' violations of the FLSA identified above.

45. These employees are similarly situated to White because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

46. Defendants' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

47. Since, on information and belief, White's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

48. All employees of Defendants, regardless of their rates of pay, job titles or locations in which they worked who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former extradition officers who regularly worked in excess of forty hours per week and were not paid proper overtime compensation during the last three years.

49. Defendants are liable to White and all other extradition officers for the difference between what it actually paid them and what it was legally obligated to pay them.

50. Because Defendants knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendants owe White and the members of the putative class their unpaid overtime wages for at least the last three years.

51. Defendants are liable to White and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

52. Defendants are liable to White and the members of the putative class for their reasonable attorneys' fees and costs.

53. White has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VII.  Prayer

54. White prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding White and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which White and the putative class may show themselves to be justly entitled.

Respectfully Submitted,

MOORE & ASSOCIATES

By: ___/s/ Melissa Moore___
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739