**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **DANA WHITE, Individually and On Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **Civil Action No. 1:19-cv-00390-LY** |
| **vs.** | § § | |
| **U.S. CORRECTIONS, LLC, US CORRECTIONS, LLC and SOUTH EAST EMPLOYEE LEASING, Inc.,** | § § § § | |
| **Defendants.** | § | |

## DEFENDANT SOUTH EAST PERSONNEL LEASING, INC.'S ORIGINAL ANSWER

COMES NOW South East Personnel Leasing, Inc., erroneously sued and served herein as South East Employee Leasing, Inc. ("SPLI"), Defendant in the above-entitled and numbered cause, and files this Original Answer to Plaintiff Dana White's Original Complaint, and for same will show the Court as follows:

## ORIGINAL ANSWER

Subject to the foregoing affirmative and other defenses and reserving the right to assert additional defenses and/or amend its Answer as additional facts are discovered during this lawsuit, SPLI pleads as follows to the specific allegations of Plaintiff's Original Complaint:

### I.  Nature of Suit

1.      To the extent any response is required to Paragraph 1, SPLI denies that it violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.      To the extent any response is required to Paragraph 2, SPLI denies that it violated the FLSA.

3.      SPLI denies the allegations in Paragraph 3 as to SPLI.   SPLI is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 3 as it relates to Defendants U.S. Corrections, LLC and US Corrections LLC and the allegations are therefore denied.

4.      SPLI denies the allegations in Paragraph 4 as to SPLI.   SPLI is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 4 as it relates to the other Defendants and the allegations are therefore denied.

5.      To the extent any response is required to Paragraph 5, SPLI denies that it violated the FLSA and denies that Plaintiff is entitled to bring a collective action under the FLSA.

## II.  Jurisdiction and Venue

6.      SPLI admits the allegations regarding jurisdiction in Paragraph 6.

7.      SPLI denies the allegations regarding venue in Paragraph 7.

## III.  Parties

8.      SPLI denies the allegations in Paragraph 8 as to SPLI.   SPLI is without information or knowledge sufficient to form a belief as to the allegations in Paragraph 8 as to the other Defendants and is without information or knowledge sufficient to form a belief as to whether Plaintiff is a resident of Bell County; therefore, these allegations are denied.

9.      SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 9, and therefore, denies these allegations.

10.     SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 9, and therefore, denies these allegations.

11.     SPLI admits the allegations in Paragraph 11 as to South East Employee Leasing, Inc.'s corporate information and status, but denies that South East Employee Leasing, Inc. is the proper entity to be sued.

12.     SPLI denies the allegations in Paragraph 12 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 12 as to the other Defendants; therefore, these allegations are denied.

## IV.  Facts

13.     SPLI denies the allegations in Paragraph 13 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 13 as to the other Defendants; therefore, these allegations are denied.

14.     ELI denies the allegations in Paragraph 14 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 14 as to the other Defendants; therefore, these allegations are denied.

15.     SPLI lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 15.

16.     SPLI lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 16.

17.     SPLI denies the allegations in Paragraph 17 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 17 as to the other Defendants; therefore, these allegations are denied.

18.     SPLI denies the allegations in Paragraph 18 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 18 as to the other Defendants; therefore, these allegations are denied.

19.     SPLI denies the allegations in Paragraph 19 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 19 as to the other Defendants; therefore, these allegations are denied.

20.     SPLI denies the allegations in Paragraph 20 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 20 as to the other Defendants; therefore, these allegations are denied.

21.     SPLI admits the allegations in Paragraph 21, but denies that SPLI was Plaintiff's "employer" or a "joint employer" under 29 U.S.C. §§ 203(e)(1) or 207(d) and related law.

22.     SPLI denies the allegations in Paragraph 22 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 22 as to the other Defendants; therefore, these allegations are denied.

23.     SPLI denies the allegations in Paragraph 23 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 23 as to the other Defendants; therefore, these allegations are denied.

24.     SPLI denies the allegations in Paragraph 24 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 24 as to the other Defendants; therefore, these allegations are denied.

25.     SPLI denies the allegations in Paragraph 25 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 25 as to the other Defendants; therefore, these allegations are denied.

26.     SPLI denies the allegations in Paragraph 26 as to SPLI.  SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 26 as to the other Defendants; therefore, these allegations are denied.

27.     SPLI denies the allegations in Paragraph 27 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 27 as to the other Defendants; therefore, these allegations are denied.

28.     SPLI denies the allegations in Paragraph 28 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 28 as to the other Defendants; therefore, these allegations are denied.

29.     SPLI denies the allegations in Paragraph 29 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 29 as to the other Defendants; therefore, these allegations are denied.

30.     SPLI denies the allegations in Paragraph 30 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 30 as to the other Defendants; therefore, these allegations are denied.

31.     SPLI denies the allegations in Paragraph 31 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 31 as to the other Defendants; therefore, these allegations are denied.

### V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

32.     No response is required to Paragraph 32.

33.     SPLI denies the allegations in Paragraph 33 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 33 as to the other Defendants; therefore, these allegations are denied.

34.     SPLI denies the allegations in Paragraph 34 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 34 as to the other Defendants; therefore, these allegations are denied.

35.     SPLI denies the allegations in Paragraph 35 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 35 as to the other Defendants; therefore, these allegations are denied.

36.     SPLI denies the allegations in Paragraph 36 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 36 as to the other Defendants; therefore, these allegations are denied.

37.     SPLI denies the allegations in Paragraph 37 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 37 as to the other Defendants; therefore, these allegations are denied.

38.     SPLI denies the allegations in Paragraph 38 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 38 as to the other Defendants; therefore, these allegations are denied.

39.     SPLI denies the allegations in Paragraph 39 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 39 as to the other Defendants; therefore, these allegations are denied.

## VI.  Count Two—Failure to Maintain Accurate records in Violation of 29 U.S.C. § 211(c)

40.     No response is required to Paragraph 40.

41.     No response is required to Paragraph 41.

42.     SPLI denies the allegations in Paragraph 42 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 42 as to the other Defendants; therefore, these allegations are denied.

## VII.  Count One—Collective Action Allegations

43.     No response is required to Paragraph 43.

44.     SPLI denies the allegations in Paragraph 44.

45.     SPLI denies the allegations in Paragraph 45.

46.     SPLI denies the allegations in Paragraph 46 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 46 as to the other Defendants; therefore, these allegations are denied.

47.     SPLI denies the allegations in Paragraph 47.

48.     SPLI denies the allegations in Paragraph 48 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 48 as to the other Defendants; therefore, these allegations are denied.

49.     SPLI denies the allegations in Paragraph 49 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 49 as to the other Defendants; therefore, these allegations are denied.

50.     SPLI denies the allegations in Paragraph 50 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 50 as to the other Defendants; therefore, these allegations are denied.

51.     SPLI denies the allegations in Paragraph 51 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 51 as to the other Defendants; therefore, these allegations are denied.

52.     SPLI denies the allegations in Paragraph 52 as to SPLI.   SPLI is without knowledge or information sufficient to form a belief about the allegations in Paragraph 52 as to the other Defendants; therefore, these allegations are denied.

53.     To the extent a response is required, SPLI denies that it violated the FLSA and denies that Plaintiff is entitled to attorneys' fees and costs.

## VII.  Prayer

54.     SPLI denies the allegations in Paragraph 54 and subparts (a) through (f), and denies that Plaintiff is entitled to any of the relief requested in Paragraph 54.

## <u>AFFIRMATIVE DEFENSES</u>

SPLI pleads the following affirmative and other defenses to Plaintiff's Original Complaint, subject to further discovery in this lawsuit, but does not assume the burden of proof except to the extent required on pure affirmative defenses or otherwise by law.  SPLI reserves the right to assert additional defenses and to otherwise supplement or amend its Answer.  Each of these defenses are pled in the alternative, as all liability is denied.

1.     South East Employee Leasing, Inc. is not the proper entity to be sued in this matter.

2.     Plaintiff's Original Complaint fails, in whole or in part, to state a cause of action against SPLI upon which relief can be granted and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

3.     Any cause of action or claim for damages stated in the Plaintiff's Original Complaint arising more than two years before the filing of the lawsuit is barred by the statute of limitations set forth in 29 U.S.C. § 255(a).

4.     SPLI did not act as an "employer" or a "joint employer" of Plaintiff under 29 U.S.C. §§ 203(e)(1) or 207(d) and related case law because SPLI did not have the power to hire and fire Plaintiff, did not supervise or control Plaintiff's work schedules or conditions of employment, did not determine the rate and method of payment, and/or did not maintain employment records of Plaintiff.

5.     Any acts or omissions by SPLI with respect to the payment of wages were undertaken in good faith reliance on the regulations and interpretations of the Wage Hour Administration of the United States Department of Labor and/or legal advice or opinions from outside counsel and were based on long-standing industry standards and practices.

6.     To the extent sought, pre-judgment interest is not available in a case brought pursuant to 29 U.S.C. §§ 216 and 260, or the FLSA.

7.     The allegations in Plaintiff's Original Complaint are insufficient to establish that any alleged putative class members are similarly situated for purposes of maintaining a representative action pursuant to the requirements of 29 U.S.C. § 216(b).

8.     The purported class definition is not sufficiently precise to meet the requirements of a collective action under the FLSA.

9.     Based on information and belief, Plaintiff has been fully compensated for all hours worked and for all overtime in accordance with the requirements of the FLSA.

10.    Plaintiff cannot satisfy her burden of proof with respect to any alleged damages suffered.

11.    The allegations in Plaintiff's Original Complaint are insufficient to establish that SPLI engaged in willful conduct as defined by the FLSA and relevant case law.  Thus, any relevant period of consideration in this matter is limited to a two-year period prior to the institution of this lawsuit.

12.    To the extent sought, Plaintiff is not entitled to a jury determination regarding attorney fees or liquidated damages in a case brought pursuant to 29 U.S.C. §§ 216 and 260.

13.    Assuming, *arguendo*, Plaintiff is entitled to recover damages in this action, Plaintiff cannot recover for noncompensable or *de minimus* matters and Plaintiff's claims would

be subject to offsets and deductions, including any and all payments for wages and payments in kind, received by Plaintiff during the time period for which damages are sought, including any time for which Plaintiff was paid but did not work.

14.     Plaintiff is exempt from the overtime provisions of 29 U.S.C. § 207 pursuant to the provisions of 29 U.S.C. § 213, including the administrative, executive, professional exemptions, some combination thereof, and/or the highly compensated employee exemption.

15.     Subject to further discovery, Plaintiff's alleged losses and damages, if any, are the result of, and directly related to, Plaintiff's own conduct, actions and/or failure to act.

16.     Plaintiff's claims against SPLI are barred, in whole or in part, because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17.     Plaintiff fails to satisfy the prerequisites for a class action under Federal Rule of Civil Procedure 23.

18.     Plaintiff's claims against SPLI are barred, in whole or in part, because Plaintiff is not a proper class representative pursuant to Rule 23 of the Federal Rules of Civil Procedure.

19.     Plaintiff has not satisfied, and cannot satisfy, the requirements for certification of any type of class under the Federal Rules of Civil Procedure or state law, whichever may be applicable, and this action may not be properly maintained as any type of class action, collective action, or representative action because:

      a.   Plaintiff has failed to plead and cannot establish the necessary procedural elements and requirements for treatment as such an action and such treatment is neither appropriate nor constitutional;

b.  Such an action is not an appropriate method for the fair and efficient adjudication of the claims described in Plaintiff's Original Complaint.

c.  Common issues of fact or law which are of legal significance do not predominate and any common facts or law are insignificant compared to the individual facts and issues particular to Plaintiff and any putative class members he purports to represent;

d.  Plaintiff is not similarly situated to any of the putative class members she purports to represent and her claims and defenses are not representative or typical of the claims and defenses of such putative class members and the alleged putative class members as described in Plaintiff's Original Complaint are not similarly situated to each other;

e.  Plaintiff is not a proper class representative and lacks standing to assert the legal rights or interests of the putative class members he purports to represent;

f.  Plaintiff and alleged putative class counsel are not adequate representatives for any alleged putative classes because they are not able to fairly and adequately represent and protect the interests of all of the putative class members they purport to represent;

g.  There is not a well-defined community of interest in the questions of law or fact affecting Plaintiff and the putative class members he purports to represent;

h.  Any alleged putative classes are not ascertainable, nor are their members identifiable;

i.  To the extent any alleged putative classes are ascertainable and their members are identifiable, the number of putative class members is too small to meet the

numerosity requirement or is not so large that joinder of the individual members would not be impractical; and

j.   Plaintiff's claims and the claims of putative class members are not proper for class or collective certification because neither a class nor collective action is superior to other available methods for fair and efficient adjudication of this matter.

20.   Plaintiff is not entitled to double or duplicative recovery against Defendants.

21.   Plaintiff's claims for damages are capped or limited in accordance with applicable law.

SPLI specifically reserves the right to assert other defenses reasonable in advance of trial.

WHEREFORE, PREMISES CONSIDERED, Defendant South East Employee Leasing, Inc. prays that Plaintiff Dana White take nothing by way of her claims, and that this Court grant Defendant its fees, costs and expenses, as allowed by law, and such other and further relief.

Dated: May 6, 2019.

Respectfully submitted,


By:   _/s/ Leslie Benitez_____
      LESLIE A. BENITEZ
      Texas Bar No. 02134300
      lbenitez@grsm.com
      GORDON REES SCULLY MANSUKHANI
      LLP
      806 Congress Avenue
      Suite 1510
      Austin, Texas 78701
      Main Phone: (512) 391-0197
      Fax: (512) 391-0183

HEIDI J. GUMIENNY
Texas Bar No. 24036696
hgumienny@grsm.com
*W.D. Tex admission pending*
GORDON REES SCULLY MANSUKHANI
LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, TX  77027
Phone: (713) 961-3366
Fax: (713) 961-3938

**ATTORNEYS FOR DEFENDANT
SOUTH EAST PERSONNEL LEASING, INC.
d/b/a SOUTH EAST EMPLOYEE LEASING,
INC.**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 6th day of May, 2019, with a copy of this document via the Court's CM/ECF system per United States District Court, Western District of Texas, Local Rule CV-5. Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

*/s/ Heidi J. Gumienny*
Heidi J. Gumienny