| | | |
|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **WESTERN DISTRICT OF TEXAS AUSTIN DIVISION** |

| | | |
|---|---|---|
| DANA WHITE, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 1:19-cv-00390-LY |
| U.S. CORRECTIONS, LLC; US CORRECTIONS, LLC and SOUTH EAST EMPLOEE LEASING, INC., | § § § § | |
| *Defendants.* | § § | |

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO MOTOR CARRIER EXEMPTION

Does the motor carrier exemption[1] to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") apply to employees, like White, engaged in the interstate transportation of dangerous criminals?  If it does, White is not entitled to overtime.  29 U.S.C. § 213(b)(1).  However, that narrow legal question is answered conclusively, in the negative, by a different law—the Interstate Transportation of Dangerous Criminals Act of 2000, 34 U.S.C. §§ 60101-60104 (also known as "Jeanna's Act").  Accordingly, the Court should dismiss that affirmative defense with prejudice under Rule 56.

---

[1] Exemptions from the overtime requirements of the FLSA are affirmative defenses on which the employer has the burden of proof.  See *infra* note 3.  By filing this motion White does not waive any objections regarding adequacy of responsive pleadings invoking it or any other affirmative defense.  (*See, e.g.*, Pl.'s Resp. Def.'s Mot. Dismiss (Doc. 10) p. 6.)  In fact, she specifically reserves the right to make them in the future whenever she deems it appropriate to do so.

## I. Introduction

White sued US Corrections, LLC (referred to as "USC") and U.S. Corrections, LLC[2] and South East Personnel Leasing, Inc. (referred to as "SPLI") claiming that she and others were denied overtime in violation of the FLSA.  (*See generally*, Pl.'s Compl. (Doc. 1).)  USC claims that White (and those whom she seeks to represent) are exempt from the overtime requirements of the FLSA under the motor carrier exemption.[3]  (*See*, Def.'s Mot. Dismiss (Doc. 8) at pp. 5-11.)  Another defendant, SPLI, has sought leave to add that same affirmative defense.  (*See*, Def.'s Mot. Lv. (Doc. 17) pp. 2-3.)  However, for the reasons explained below, the Court should hold that it is inapplicable as a matter of law and dismiss it with prejudice.

## II. Argument & Authorities

### A. Standard of Review

"Summary judgment is appropriate [if the summary-judgment evidence shows] 'that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Mello v. Sara Lee Corp.*, 431 F.3d 334, 335 (5th Cir. 2005) (quoting Fed. R. Civ. P. 56).  In making that determination, the Court reviews the evidence and draws all inferences in the light most favorable to the nonmoving party.  *Baton Rouge Bldg. & Constr. Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).  "The

---

[2] U.S. Corrections, LLC is in default.  (*See*, Clerk's Entry of Default (Doc. 13) p. 1.)

[3] The motor carrier exemption is one of several transportation industry exemptions and is codified at 29 U.S.C. § 213(b)(1).  It exempts "any employee with respect to whom the Secretary of Transportation has power to establish *qualifications* and *maximum hours of service* pursuant to section 31502 of title 49[]" from the overtime requirements of the FLSA.  *Id*. (emphasis added).

movant bears the [initial] burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)). Once the party moving for summary judgment meets its threshold burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial[]" to overcome summary judgment. *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006); *see also*, *Tyler v. Cedar Hill Indep. Sch. Dist.*, 426 F. App'x 306, 308 (5th Cir. 2011); *see also*, *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) ("Once the moving party has demonstrated the absence of a material fact issue, the non-moving party must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (citations and quotations omitted)). "This burden will not be satisfied by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Id*. (citations and quotations omitted). Instead, the nonmovant must set forth sufficient facts such that a reasonable jury could return a verdict in his favor. *Id*.

B.   **The Motor Carrier Exemption Does Not Apply to White or the Members of the Putative Class Because the Attorney General—Not the Secretary of Transportation—Has the Power to Regulate the Private Prisoner Transportation Industry**

The motor carrier exemption[4] is deceptively simple. It spans a mere twenty-five or so words. *See*, 29 U.S.C. § 213(b)(1). Applying the exemption, though, typically involves

---

[4] The motor carrier exemption is an affirmative defense on which the employer has the burden of proof. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) (FLSA exemptions affirmative defenses); *see also*, *Allen v. Coil Tubing Svcs., Inc.*, 755 F.3d 279, 289-90 (5th Cir. 2014) (Dennis, J., dissenting) (motor carrier exemption an affirmative defense).

shifting burdens of proof, determining whether an exception to the exemption applies, analyzing statutory language in at least two different titles of the United States Code, determining vehicle weight and the frequency of interstate trips, and the interplay of a myriad of regulations promulgated by Secretary of Labor and the Secretary of Transportation.  *See generally*, *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575 (5th Cir. 2018).  But not in this case.  Although it involves an additional law (Jeanna's Act) and a third federal agency (the Department of Justice), the analysis is much simpler.

The motor carrier exemption excuses an employer from its obligation to pay overtime to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49[.]"  29 U.S.C. § 213(b)(1).  "The Supreme Court has reasoned that the purpose of the [motor carrier] exemption was primarily to ensure that operators of vehicles affecting highway safety were regulated by an entity with a greater understanding of the particular safety concerns."  *Carley*, 890 F.3d at 579 (citation omitted).  For this case, those two things—the text of the exemption and its purpose—are all the Court needs to know about the motor carrier exemption.  And they should invite the obvious question:  What does the Secretary of Transportation know about the interstate transportation of dangerous criminals?  The answer is nothing.  That is precisely why Congress committed the regulation of the private prisoner transportation industry to an entity with "greater understanding of the particular safety concerns"—the Department of Justice—when it passed Jeanna's Act.  34 U.S.C. § 60103(a).

That law provides that "the *Attorney General*, in consultation with the American Correctional Association and the private prisoner transport industry, shall promulgate regulations relating to the transportation of violent prisoners in or affecting interstate commerce." *Id.* (emphasis added).  By statute, those regulations must include (1) the qualifications of extradition agents, like White and (2) "[r]estrictions on the number of hours that employees can be on duty during a given time period." 34 U.S.C. §§ 60103(b)(1)-(5).  It is true that the Attorney General's power to regulate private prisoner transportation is circumscribed by reference to other laws and regulations, including those applicable to "the United States Marshal's Service, Federal Bureau of Prisons, and the Immigration and Naturalization Service" and the "rules and regulations concerning hours of service promulgated under the Federal Motor Vehicle Safety Act." 34 U.S.C. §§ 60103(b)(3), (c). But the power to regulate the qualifications and maximum hours of work of employees working in the private prisoner transportation industry plainly belongs to the Attorney General—not the Secretary of Transportation.  34 U.S.C. § 60103(a).

Returning to the motor carrier exemption, it applies only to "employee[s] with respect to whom the *Secretary of Transportation* has power to establish qualifications and maximum hours of service[.]" 29 U.S.C. § 213(b)(1) (emphasis added); *see also*, *Songer v. Dillon Resources, Inc.*, 618 F.3d 467, 471-72 (5th Cir. 2010).  Under Jeanna's Act, he possess no such power vis-à-vis the private prisoner transportation industry.  34 U.S.C. § 60103(a).  As explained above, it is, instead, vested in the Attorney General.  *Id.*  And since the motor carrier exemption depends on and is coextensive with the Secretary of Transportation's power to regulate, White

and those whom she purports to represent are nonexempt because they are outside of it. *Id*.;
*see also*, 29 U.S.C. § 213(b)(1).  Other legal authorities support that conclusion.  For example,
under 29 C.F.R. § 541.3(b), traditional law enforcement work, which includes "detaining or
supervising suspected and convicted criminals," has always been nonexempt.  29 C.F.R. §
541.3(b).  Further support can be found in a 2006 opinion letter issued by the Wage and Hour
Division of the Department of Labor, which is "entitled to respect" to the extent it is
persuasive.  *See, Christensen v. Harris Cnty.,* 529 U.S. 576, 587 (2000).  In responding to an
inquiry about whether time spent transporting prisoners was compensable, the Department of
Labor not only said that it was but that "it must be compensated in accordance with the
provisions of section 6 [(minimum wage)] and 7 [(overtime)] of the FLSA."  U.S. Dep't of
Labor, Wage & Hour Div., Op. Letter No. FLSA2006-12NA (Jun. 23, 2006).  Privatizing
prisoner transportation—a traditional law enforcement function—does not make it exempt.

## III.  Conclusion

The Attorney General—not the Secretary of Transportation—has the power to
regulate the qualifications and hours of service for employees in the private prison
transportation industry.  34 U.S.C. §§ 60103(b)(1)-(5).  They are, therefore, not exempt under
29 U.S.C. § 213(b)(1).  Accordingly, the Court should dismiss that defense with prejudice
under Rule 56.

Respectfully Submitted,

MOORE & ASSOCIATES

By: _Melissa Moore_____
Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
DANA WHITE**

Of Counsel:

Bridget Davidson
State Bar No. 24096858
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—who are listed below—on August 30, 2019, in accordance with Fed. R. Civ. P. 5(b) as follows:

Ms. Mary E. Buckley
mbuckley@cgwg.com
Mr. Abtin Mehdizadegan
abtin@cgwg.com
CROSS, GUNTER, WITHERSPOON & GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, Arkansas 72201
*Attorneys for Defendants U.S. Corrections, LLC and US Corrections, LLC*

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

Ms. Heidi J. Gumienny
hgumienny@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
3D/International Tower
1900 West Loop South, Suite 1000
Houston, Texas 77027
*Attorney for Defendant South East Personnel Leasing, Inc.*

- ☐ mail
- ☐ personal delivery
- ☐ leaving it at ☐ office ☐ dwelling
- ☐ leaving it with court clerk
- ☐ electronic means
- ☐ other means
- ☒ CM/ECF system

_____
Melissa Moore