# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## DIVISION

| | | |
|---|---|---|
| **DANA WHITE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,** | § § § | |
| *Plaintiff* | § | **Case No. 1:19-CV-390-LY** |
| | § | |
| **v.** | § | |
| | § | |
| **U.S. CORRECTIONS, LLC, US CORRECTIONS, LLC, AND SOUTH EAST EMPLOYEE LEASING, INC.,** | § § § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court are Defendant US Corrections, LLC's Motion to Dismiss, filed on June 13, 2019 (Dkt. No. 8); Plaintiff's Motion for Summary Judgment as to Motor Carrier Exemption, filed on August 30, 2019 (Dkt. No. 21); and the related response and reply briefs. The District Court referred the above motions to the undersigned Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.    BACKGROUND

US Corrections, LLC ("USC") is a North Carolina corporation that provides prisoner transportation services in Texas and across the United States. USC employs drivers to transport prisoners between various correctional facilities. USC employed Dana White ("Plaintiff") as an extradition officer who was responsible for "transporting inmates between prisons and other facilities in passenger vans weighing less than 10,001 pounds." Dkt. No. 1 at ¶ 16. Plaintiff worked for USC from June 2018 to January 2019. Plaintiff alleges that she regularly worked more than 40

hours per week and that USC failed to compensate her at the required overtime rate for such work in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1). Plaintiff further alleges that similarly situated extradition agents also were not paid overtime for hours worked in excess of 40 hours per week.

On April 5, 2019, Plaintiff filed this lawsuit, on behalf of herself and all similarly situated employees, alleging that USC, U.S. Corrections, LLC,[1] and East Employee Leasing, Inc.[2] violated the FLSA by failing to (1) pay overtime compensation to her and similarly situated employees, and (2) maintain accurate time and pay records. Plaintiff seeks unpaid overtime compensation, liquidated damages, attorneys' fees and costs, pre and post-judgment interest, and an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b).

On June 13, 2019, USC filed the instant Motion to Dismiss, arguing that Plaintiff's Complaint should be dismissed because (1) Plaintiff is exempt from the overtime pay requirements of the FLSA under the Motor Carrier Act exemption, 29 U.S.C. § 213(b); (2) there is no private cause of action for alleged violations of the FLSA's recordkeeping requirements; and (3) the Complaint fails to state a claim for relief for the putative group of individuals Plaintiff seeks to represent.

Plaintiff opposes the Motion to Dismiss. She also has filed a Motion for Partial Summary Judgment arguing that the Motor Carrier Act exemption does not apply in this case and, therefore, the Court should dismiss Defendant's affirmative defense with prejudice under Rule 56.

---

[1] Default was entered against Defendant U.S. Corrections, LLC on July 8, 2019. Dkt. No. 13.

[2] While Plaintiff has sued "South East Employee Leasing, Inc.," this Defendant answered the Complaint as "South East Personnel Leasing, Inc." ("SEL"). *See* Dkt. No. 19 at p. 1. While SEL is not a party to the Motion to Dismiss, it also argues that Plaintiff is exempt under the FLSA. *Id.* at p. 8. In addition, SEL argues that it is not a proper defendant in this case as it was not Plaintiff's employer. *Id.*

## II.     LEGAL STANDARDS

### A.  Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### B.  Rule 56

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials, and any affidavits on file show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. A court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *see also Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Furthermore, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports its claim. *See Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

When summary judgment is sought on an affirmative defense, as here, the movant "must establish beyond peradventure all of the essential elements of the claim or defense to warrant

judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). "Once the movant does so, the burden shifts to the nonmovant to establish an issue of fact that warrants trial." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 420 n.4 (5th Cir. 2016).

## III.   ANALYSIS

### A.  The MCA Exemption and the Rules of Procedure

The FLSA requires an employer to pay an employee one and a half times her "regular rate" for time spent working more than forty hours in a week, subject to certain statutory exemptions. 29 U.S.C. § 207(a)(1); 29 U.S.C. § 213(a)-(b). Plaintiff alleges that Defendants violated § 207(a)(1) of the FLSA by failing to pay her overtime compensation as required.

To allege a prima facie claim under § 207(a)(1), Plaintiff must allege: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 379 (5th Cir. 2019). Plaintiff's Complaint sufficiently alleges all of these factors. *See* Dkt. No. 1 at ¶¶ 13-30.

While Defendant does not argue in its Motion to Dismiss that Plaintiff has failed to allege a prima facie case under § 207(a)(1), it argues that Plaintiff's claim nevertheless must be dismissed under Rule 12(b)(6) because the Motor Carrier Act ("MCA") exempts Plaintiff from the overtime requirements under the FLSA. "[T]he application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof." *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974); *see also Dewan v. M-I, L.L.C.*, 858 F.3d 331, 334 (5th Cir. 2017) (noting that administrative exemption under FLSA is an affirmative defense); *Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 851 (5th Cir. 2010) ("An exemption must be asserted as an affirmative defense to a claim under the FLSA."). Thus, USC's assertion of the

MCA is an affirmative defense. *E.g.*, *Amaya v. NOYPI Movers, L.L.C.*, 741 F. App'x 203, 204 (5th Cir. 2018) (construing MCA Exemption as an affirmative defense); *Tindle v. Cent. Pony Express, Inc.*, 2018 WL 4658703, at *2 (W.D. Tex. Sept. 26, 2018) ("Defendants' assertion of the MCA exemption is an affirmative defense.").

"Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint." *Ironshore Europe DAC v. Schiff Hardin, L.L.P.*, 912 F.3d 759, 763 (5th Cir. 2019) (quoting *Kelly v. Nichamoff*, 868 F.3d 371, 374 (5th Cir. 2017)). Courts in this circuit have specifically held that the applicability of the MCA "is not appropriate on a motion to dismiss" and "is better suited for summary judgment." *Aston v. Glob. Prisoner Servs.*, 2016 WL 4079547, at *4 (W.D. Tex. July 29, 2016); *see also McLeland v. 1845 Oil Field Servs.*, 97 F. Supp. 3d 855, 861 (W.D. Tex. 2015) ("Defendant's [MCA] argument is an affirmative defense that requires discovery and more factual development before being decided on the merits."); *Morgan v. Rig Power, Inc.*, 2015 WL 6506953, at *4 (W.D. Tex. Oct. 27, 2015) (finding that whether MCA applied was a fact-based assertion that required factual determinations "not appropriate on a motion to dismiss").

In support of its argument that the MCA is applicable to Plaintiff in this case, USC has asserted factual arguments and has relied on extrinsic evidence, both of which are inappropriate at the motion to dismiss stage. *See Lone Star Fund*, 594 F.3d at 387 ("The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint."). Because Plaintiff has alleged a plausible claim for relief under § 207(a)(1), USC's Motion to Dismiss Plaintiff's overtime compensation claim should be denied. In the end, however, this recommendation is

merely academic, as the Court ultimately finds that the MCA applies to Plaintiff in this case, as discussed below.

### B.  The Applicability of the MCA Exemption

As noted, Plaintiff has raised a claim under § 207(a)(1) alleging that Defendants have failed to pay her overtime as required by the FLSA. In response, USC has raised an affirmative defense, arguing that her claim under § 207(a)(1) fails because she is exempt from FLSA coverage pursuant to the MCA. In her Partial Motion for Summary Judgment, Plaintiff argues that this affirmative defense should be dismissed under Rule 56 because the Secretary of Transportation ("SOT") does not have the power to establish qualification and maximum hours of service for extradition agents such as herself. Plaintiff acknowledges that this is a question of law for the Court and that if the MCA applies to her, she "is not entitled to overtime." Dkt. No. 21 at p. 1.

While the employee bears the initial burden of proving that she is covered under FLSA's overtime pay requirement, the employer bears the burden of proving that the MCA applies to the employee. *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579-80 (5th Cir. 2018) (citing *Mitchell v. Ky. Fin. Co.*, 359 U.S. 290, 291 (1959)); *see also Amaya*, 741 F. App'x at 204 ("The defendants have the burden to prove that the MCA exemption applies."); *Dewan*, 858 F.3d at 334 ("The burden of proof on exempt status is on the employer."). However, as the Supreme Court recently clarified, "courts are to give FLSA exemptions 'a fair reading,' as opposed to the narrow interpretation previously espoused by [the Fifth Circuit] and other circuits." *Carley*, 890 F.3d at 579 (quoting *Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018)).

The MCA, codified at 29 U.S.C. § 213(b)(1), exempts certain employees with transportation-related jobs from overtime requirements under the FLSA. *Vanzzini v. Action Meat Distribs.*, 995 F. Supp. 2d 703, 713 (S.D. Tex. 2014). "The Supreme Court has reasoned that the purpose of the MCA exemption was primarily to ensure that operators of vehicles affecting highway safety were

regulated by an entity with a greater understanding of the particular safety concerns." *Carley*, 890

F.3d at 579 (citing *Morris v. McComb*, 332 U.S. 422, 436 (1947)); *see also Levinson v. Spector*

*Motor Serv.*, 330 U.S. 649, 681 (1947) (noting that "it is the intent of the [FLSA] to give full

recognition to the safety program of the [MCA]").

Specifically, the MCA exempts from the FLSA's overtime requirements "any employee with

respect to whom the [SOT] has power to establish qualifications and maximum hours of service."

29 U.S.C. § 213(b)(1). "The [SOT] need only possess the power to regulate the employees at issue;

it need not actually exercise that power for the exemption to apply." *Barefoot v. Mid-Am.*

*Dairymen, Inc.*, 16 F.3d 1216, 1994 WL 57686, at *2 (5th Cir. 1994) (citing *Levinson,* 330 U.S. at

678) ("The existence of the power is enough.")). For the MCA to apply, an employee must be:

> (1) employed by carriers whose transportation of passengers or property by motor vehicle is subject to the SOT's jurisdiction under section 204 of the MCA, and
>
> (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the MCA.

29 C.F.R. § 782.2(a) (2019). Both requirements must be met for the MCA to apply. *Amaya*, 741

F. App'x at 205.

Plaintiff's Motion attacks only the first factor, arguing that the SOT does not have the power

to establish qualifications and maximum hours of service for extradition agents such as herself. In

support of this argument, Plaintiff relies on the section of the Interstate Transportation of

Dangerous Criminals Act of 2000 ("Jeanna's Act") which deals with the "Federal Regulation of

Prisoner Transport Companies," 34 U.S.C. § 60103(a). This section provides that "the Attorney

General, in consultation with the American Correctional Association and the private prisoner

transport industry, shall promulgate regulations relating to the transportation of violent prisoners

in or affecting interstate commerce." 34 U.S.C. § 60103(a). Plaintiff contends this language means that the power to regulate the qualifications and maximum hours of employees working in the private prisoner transportation industry "plainly belongs to the Attorney General – not the [SOT]." Dkt. No. 21 at p. 5. The undersigned recognizes the novelty of Plaintiff's argument, but finds that regulations promulgated under Jeanna's Act clearly preclude it.

The Department of Justice ("DOJ") has issued the following regulation with regard to prisoner transport companies such as USC:

> Companies covered under this part must adhere to the maximum driving time provisions applicable to commercial motor vehicle operators, as set forth in Department of Transportation ["DOT"] regulations at 49 C.F.R. § 395.3 which will apply regardless of whether a private prisoner transport company is covered by [DOT] regulations.

28 C.F.R. § 97.13 (2002). DOJ regulations further define the term "private prisoner transport company" to include "any entity, other than the United States, a State, or an inferior political subdivision of a State, that engages in the business of transporting for compensation individuals committed to the custody of any State or of an inferior political subdivision of a State, or any attempt thereof." 28 C.F.R. § 97.2 (2019). The Court finds that 28 C.F.R. § 97.13 demonstrates that the MCA applies to extradition officers who, like Plaintiff, work for private prisoner transport companies because the SOT clearly has the power to regulate such companies.

At the time 28 C.F.R. § 97.13 was enacted, the Office of the Attorney General issued a Final Rule entitled "Establishment of Minimum Safety and Security Standards for Private Companies that Transport Violent Prisoners," with a preamble explaining the background and purpose of the regulations promulgated under Jeanna's Act. *See* 67 Fed. Reg. 78699 (Dec. 26, 2002) (Dkt. No. 25-7) ("Final Rule"). The Final Rule explained that in passing Jeanna's Act, Congress instructed the DOJ "to promulgate regulations providing *minimum* safety and security standards for private

companies that transport violent prisoners on behalf of State and local jurisdictions." *Id.* (emphasis added). The Final Rule noted that the regulations were needed because "Congress determined that minimum regulations for the private prisoner transport industry were necessary to provide protection against risks to the public that are inherent in the transportation of violent prisoners and to assure the safety of those being transported." *Id.*

The Final Rule states that the regulations "do not pre-empt any applicable Federal, State or Local law that may impose additional obligations on private prisoner transport companies" and that "all Federal laws and regulations governing interstate commerce . . . will continue to apply to private prisoner transport companies." *Id.* Regarding the applicability of DOT regulations, the Final Rule also clarified that the DOJ "refers to appropriate DOT regulations or incorporates them by reference as the [DOJ]'s standards for implementing various provisions of the Act." *Id.* at 78700. The Final Rule further notes that the regulation "sets requirements to ensure that drivers of private prisoner transport companies *comply with Federal standards* that limit the amount of time a commercial driver may be on duty during a given time period" and specifically incorporates the DOT's regulations on maximum driving time for such employees as detailed in 49 C.F.R. § 395.3. *Id.* at 78702 (emphasis added).

Based on the foregoing regulations, and in light of the underlying purpose of the MCA to improve the safety of interstate motor vehicle operations, the SOT clearly has the authority to establish qualifications and maximum hours of service for private prisoner transport drivers such as Plaintiff. Accordingly, the MCA applies in this case and Plaintiff's overtime compensation claim under § 207(a)(1) fails as a matter of law and must be dismissed.

10

### C.  Failure to Maintain Accurate Records

Plaintiff also alleges that Defendants failed to keep accurate records of hours worked by and waged paid to nonexempt employees, in violation of 29 U.S.C. § 211(c). While the FLSA does require employers to maintain accurate and adequate records, "there is no private right of action" to enforce this provision. *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 843 (6th Cir. 2002); *Cunningham v. Elec. Data Sys. Corp.*, 579 F. Supp. 2d 538, 543 (S.D.N.Y. 2008); *Rossi v. Associated Limousine Servs., Inc.*, 438 F. Supp. 2d 1354, 1366 (S.D. Fla. 2006); *O'Quinn v. Chambers Cty., Tex.*, 636 F. Supp. 1388, 1392 (S.D. Tex.), *amended on other grounds,* 650 F. Supp. 25 (S.D. Tex. 1986). Accordingly, Plaintiff's claim under § 211(c) must be dismissed.

### D.  Conclusion

Based on the foregoing, Plaintiff's Complaint fails to allege a viable cause of action under the FLSA. Plaintiff's claim for overtime compensation under 28 U.S.C. § 207(a)(1) fails because the MCA exempts her and all similarly situated extradition officers from the overtime requirements of the FLSA. For the same reason, Plaintiff has failed to state a viable claim for relief for the putative class of extradition agents she seeks to represent. Plaintiff's recordkeeping claim under 29 U.S.C. § 211(c) fails because there is no private cause of action under this provision. Thus, Plaintiff's Complaint fails to allege a viable claim against Defendant USC in this case.

Although Defendants U.S. Corrections, LLC and South East Employee Leasing, Inc./South East Personnel Leasing, Inc. have not joined in the dispositive motions addressed in this Report and Recommendation, Plaintiff has asserted the same claims against all three Defendants. Because Plaintiff's claims also fail against the other Defendants for the same reasons they fail against Defendant USC, the Court recommends dismissing *sua sponte* the claims discussed in this Order as to all Defendants. *See Taylor v. Acxiom Corp.*, 612 F.3d 325, 340 (5th Cir. 2010) ("While the

district court did dismiss *sua sponte* some defendants who did not join the motion to dismiss, there is no prejudice to the plaintiffs in affirming the judgment in its entirety because the plaintiffs make the same allegations against all defendants.").

## IV.    RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that Defendant US Corrections, LLC's Motion to Dismiss (Dkt. No. 8) should be **GRANTED IN PART AND DENIED IN PART**. The undersigned **RECOMMENDS** that the District Court **GRANT** Defendant's Motion to Dismiss Plaintiff's claim under 29 U.S.C. § 211(c), but **DENY** the Motion as to Plaintiff's claim under 29 U.S.C. § 207(a)(1). The undersigned **FURTHER RECOMMENDS** that the District Court **DENY** Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 21). Last, the undersigned **RECOMMENDS** that the District Court **DISMISS** Plaintiff's entire lawsuit with prejudice as Plaintiff has failed to state a viable claim for relief against any Defendant in this case.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V.    WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C.

§ 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*,

79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

    **SIGNED** on October 11, 2019.

        SUSAN HIGHTOWER
        UNITED STATES MAGISTRATE JUDGE